**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TOY BURTRON MADDEN,          :
\# 21304-037
Petitioner                         :

         v.               :     Criminal No. JFM-10-0225

UNITED STATES OF AMERICA     :
Respondent              .....................

MEMORANDUM

Before the court is Toy Burtron Madden's pro se writ of error coram nobis, seeking to collaterally attack his sentence pursuant to 28 U.S.C. § 1651. The court shall deny and dismiss the writ by separate order.

**Background**

After a jury convicted Madden of two counts of bank robbery in violation of 18 U.S.C. § 2113 (a) and (f), the court sentenced him to a total of 240 months incarceration and 36 months of supervised release. *United States v. Madden*, Criminal Action No. JFM-94-440. Judgment was affirmed on appeal. Madden's subsequent motion to vacate, set aside or correct was denied. The United States Court of Appeals for the Fourth Circuit denied his request for a Certificate of Appealability.

Madden, who is presently serving his sentence at a community corrections facility, claims that his sentence exceeds "the statute that [he] was sentenced under" and his "sentencing guideline category." He also raises claims of ineffective assistance of counsel. As relief, Madden requests a ruling ending his term of supervised release.

**Analysis**

Although abolished in most civil actions, *see* Fed.R.Civ.P. 60(b), coram nobis is available to challenge a criminal conviction when "circumstances compel such an action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). Coram nobis is an extraordinary remedy that should be granted only "to correct errors of the most fundamental character where the circumstances are compelling to achieve justice." *Id.* Collateral attacks are disfavored because they significantly, and detrimentally, affect society's interest in the finality of criminal convictions. *See United States v. Mandel*, 862 F.2d 1067, 1076 (4th Cir.1988).

A writ of error coram nobis will be granted to vacate a conviction only after a sentence has been served. It is not available to a petitioner in federal custody on the sentence under attack. *See Morgan*, 346 U.S. at 502; *Mandel*, 862 F.2d at 1075.  A petitioner who is serving his term of supervised release is "in custody," and is therefore procedurally barred from seeking coram nobis relief. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir.1999) ("A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion,") (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)).  Madden is in federal custody; his collateral attack in challenging his sentence must be by a motion under 28 U.S.C. § 2255.[1]  Further, the grounds raised here do not involve fundamental errors that compel  issuance of coram nobis relief.

**Conclusion**

Madden is procedurally precluded from invoking the writ of coram nobis under 28 U.S.C. § 1651. Alternatively, the petition fails to reveal any circumstance sufficient to compel issuance of  a

---

[1] Since Madden has previously filed a § 2255 petition, he must first obtain pre-filing authorization from the United States Court of Appeals for the Fourth Circuit before filing a second or successive § 2255 petition.  Madden may not use the extraordinary remedy of coram nobis to circumvent the gatekeeping requirements set forth at 28 U.S.C.

writ of error coram nobis.  The petition shall be denied and dismissed. A separate order follows.


__February 18, 2010_                          ____/s/_____
Date                                           J. Frederick Motz
                                               United States District Judge

---

§ 2244